IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------x

TAMIA MAXIE,

                Plaintiff,            CIVIL ACTION NO
vs.                                     COMPLAINT

OSL RETAIL SERVICES, INC.,         JURY TRIAL DEMANDED

                Defendant.           OCTOBER 14, 2022

------------------------------------------------------------x

## COMPLAINT

The Plaintiff TAMIA MAXIE by and through her attorneys, BERLINGIERI LAW, PLLC, as and for her Complaint in this action against the Defendant OSL RETAIL SERVICES, INC., respectfully alleges upon information and belief as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon willful violations that Defendant committed of Plaintiff's rights guaranteed to her by federal and state law, andcomplains for causes of action of: (i) discrimination based on race, color and sex under Title VIIof the Civil Rights Act of 1964, as codified, 42 U.S.C.§ 2000e *et seq.*, as amended ("Title VII"); (ii) retaliation under the Title VII; (iii) 42 U.S.C. § 1981; (iv) discrimination based on race, color and sex under the Connecticut Fair EmploymentPractices Act, Conn. Gen. Stat. § 46a-60 *et seq.* ("CEFPA"), (v) retaliation under CEFPA; (vi) breach of the covenant of good faith and fair dealing; (vii) any other claims(s) that can be inferred from the facts set forth herein.

2. Plaintiff seeks monetary relief including, but not limited to: compensatory and punitive damages; attorney's fees and the costs of this action; together with any and all other appropriate legal and equitable relief pursuant to applicable state and federal law.

3. Costs, expert witness fees and attorney's fees are sought pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

4. This Court has jurisdiction as this case involves a Federal Question under Title VII of the 1964 Civil Rights Act as amended, 42 U.S.C. § 1981, 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

5. This Court has supplemental jurisdiction under the State laws of Connecticut. This Court has supplemental jurisdiction over Plaintiff's related claims arising under CEFPA and any and allstate and local law pursuant to 28 U.S.C. §1367 (a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b). The acts and transactions complained of herein occurred in this District, Plaintiff resides and resided in this District during the course of her employment, and Defendant was and is located in this District.

7. Plaintiff filed claims with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC") on or about January 28, 2021, against Defendant, (CHRO Case No. 2130376 – EEOC No. 16A-2021-00685).

8. On July 21, 2022 the EEOC, issued Plaintiff a Notice of Right to Sue annexed hereto as **Exhibit A**.

9. On June 21, 2022, the CHRO issued Plaintiff a Release of Jurisdiction, annexed hereto as **Exhibit B**.

## THE PARTIES

10. Plaintiff Tamia Maxie was and is a resident of the State of Connecticut at all relevant timesherein.

11. Defendant OSL Retail Services, Inc. ("OSL"), is a Canadian corporation with a business address of 2475 Skymark Avenue, Unit 4, Mississauga Ontario, L4W4Y6, CAN, and is

2

registered as a foreign entity in the United States and has a designation of incorporation in the state of Michigan and has provided a registered agent in the State of Connecticut, CT Corporation System, 67 Burnside Avenue, East Hartford, CT 06108 and operates several cell-phone retail sub-stores, within Walmart store locations throughout Connecticut.

## BACKGROUND FACTS

12. Plaintiff's sex/gender is female.

13. Plaintiff's race is African American, and color is Black.

14. As way of background, Walmart employed Plaintiff as an associate from approximately June 6, 2020, until her termination on November 13, 2020, at the Walmart location at 1110 New Haven Rd, Naugatuck, CT 06770, hereinafter ("the workplace").

15. OSL operates a cellphone sub-store within the Naugatuck Walmart store location.

16. According to OSL, it creates and operates customized retail programs for retailers and manufacturers. OSL currently has a unique partnership with Walmart and Sam's Club; where OSL provides wireless services, sales solutions for Satellite TV along with internet. OSL has been partnered with Walmart Canada since 2013 and Walmart US since 2017 and currently maintains over 1,200 locations across the United States.

17. Plaintiff filed a CHRO Complaint against Walmart with the Waterbury Regional CHRO office, (West Central Region – CHRO Case No. 2130272 / EEOC Charge No. 16A2021000313), on or about December 3, 2020, alleging *inter alia* among other things she was sexually harassed, retaliated against, terminated and treated differently due to her gender, race, color and prior complaints.

18. When Walmart terminated Plaintiff on November 17, 2020, they did not inform her that she was "banned" from any Walmart location or that she could not work for external vendors

such as OSL inside Walmart.

19. On or about December 11, 2020, Plaintiff applied to OSL to work at either the Naugatuck or Waterbury Walmart store locations as a retail sales associate.

20. On or about December 29, 2020, OSL's Talent Acquisition Specialist Ashalyn Tenn interviewed Plaintiff for the position of retail sales associate.

21. On or about December 29, 2020, OSL's Sales Territory Lead and manager of the Naugatuck and Waterbury locations, Douglas Livingston ("Mr. Livingston") texted Plaintiff to confirm that he was putting her paperwork through and made a sexist comment to Plaintiff after she asked if it was permissible to communicate by text regarding her application and hiring for possible employment stating "as long as your boyfriend don't want to beat me up its fine …lol!"

22. Despite the clear sexual tenor of that comment from Mr. Livingston, Plaintiff needed a job and sought to inquire as to her application status.

23. On December 31, 2020, Plaintiff asked for an update from Mr. Livingston with regards to the "hiring process."

24. On January 2, 2021, Mr. Livingston responded to Plaintiff stating "You should hear something early next" regarding her hire at OSL.

25. On January 4, 2021, Plaintiff passed a background check conducted by OSL.

26. On January 4, 2021, Plaintiff interviewed for the position with OSL's District Manager Jason Dean.

27. On January 8, 2021, OSL's John Carlo Testa sent Plaintiff a welcome email, confirming her hire and setting her first day of work as January 11, 2021.

28. On January 9, 2021, upon information and belief, OSL becomes aware of Complainant's CHRO case that was at the time pending against Walmart.

4

29. On January 10, 2021, Mr. Livingston informed Plaintiff of her work location, as "Waterbury" despite telling her the previously that she would be at the Naugatuck location, in response to the confusion of what location Plaintiff was to report to for her first day with OSL, Mr. Livingston specified "Oh Ok. Sorry. 11am. Waterbury. Black pants. Black collar shirt."

30. Despite corresponding by text message, the whole time, Mr. Livingston then called Plaintiff at approximately 1:22 PM, on January 10, 2021 to inform her that her OSL job was rescinded because she was "banned from working at any Walmart."

31. Plaintiff was shocked and asked why, whereupon Mr. Livingston replied, "I am just the messenger."

32. Upon information and belief Mr. Livingston learned about Plaintiff's CHRO complaint against Walmart.

33. Upon information and belief OSL had knowledge about Plaintiff's CHRO complaint against Walmart.

34. Upon information and belief OSL informed Mr. Livingston to revoke / rescind Plaintiff's employment the day before she was set to start with OSL because of Plaintiff's CHRO complaint against Walmart.

35. Mr. Livingston promised that OSL would provide Plaintiff with further information about the rescindment of her job, however OSL failed to provide any details to Complaint after Mr. Livingston's call and three (3) subsequent text messages to Mr. Livingston.

36. Upon information and belief OSL refused Plaintiff a female of color who had a pending CHRO complaint against Walmart employment for OSL within the Walmart stores.

37. OSL deprived Plaintiff an employment opportunity due engaging in protected activity to her prior CHRO complaint.

38. Upon information and belief, OSL treated Plaintiff differently on the basis of her gender because they had learned via Mr. Livingston and other individuals who work at Walmart who upon information and belief knew of Plaintiff's CHRO complaint and/or individual employees of OSL who worked in the Naugatuck OSL location within Walmart, that Plaintiff had an www.onlyfans.com profile and actively posts adult content to the site.

39. Upon information belief due to Plaintiff's adult content on www.onlyfans.com OSL rescinded her job offer.

40. OSL did not advise Plaintiff that she Walmart banned her from working at its Waterbury location until the day it chose to separate employment with Plaintiff.

41. OSL treated Plaintiff differently because she is a black female who engaged in protected activity against Walmart.

42. OSL willfully misrepresented to Plaintiff that Walmart banned Plaintiff because she is a Black female who engaged in protected activity against Walmart.

43. Based off the falsehood that Walmart banned Plaintiff, OSL denied Plaintiff employment.

44. According to OSL Answer to the Plaintiff's CHRO complaint, OSL certified under oath on August 6, 2021 by OSL's Human Resources Generalist Daniela Fernandez that "Walmart informed us [OSL]" that Plaintiff "could not work at Walmart and that she was fully aware."

45. Walmart never communicated to Plaintiff that Walmart banned Plaintiff from any of its stores in any capacity.

46. As a further direct and proximate result of these unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of her rights to be free from discrimination and great humiliation, which has manifested in emotional distress.

47.   As a further direct and proximate result of these unlawful employment practices, Plaintiff has suffered extreme mental anguish, outrage, severe anxiety, medical expenses, harm to her employability and earning capacity, painful embarrassment, damage to her good reputation, disruption of her personal life and loss of enjoyment of the ordinary pleasures of everyday life.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

48.   Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49.   Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer practices: It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hireor to discharge any individual, or otherwise to discriminate against any individual with respect tohis compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . .

50.   Defendant the employer Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by allowing discrimination based on race/color, sex/gender, prior complaints and causing a hostile work environment.

51.   The employer Defendant violated the above and Plaintiff suffered numerous damages as a result.

## AS AND FOR A SECOND CAUSE OF ACTION FOR RETALIATION UNDER TITLE VII

52. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

54. The employer Defendant engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of the employer Defendant.

55. The employer Defendant violated the above and Plaintiff suffered numerous damages as a result.

## AS AN FOR THE THIRD CAUSE OF ACTION DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

56. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

58. 42 U.S.C. Section 1981 states as follows, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts,

to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like. punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

59. Section 1981 further states that, "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

60. Defendant's discrimination against Plaintiff in violation of the rights of Plaintiff as afforded to her by the Civil Right Act of 1866, 42 U.S.C. 1981.

61. By the conduct described above, Defendant intentionally deprived Plaintiff, a Black female, of the same rights as are enjoyed by non-Black employees, to the creation, performance, enjoyment and all benefits and privileges of her employment relationship with Defendant.

62. As a result of Defendant's discrimination in violation of Section 1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling them to injunctive and equitable monetary relief, and has suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendant's actions, thereby entitling them to compensatory damages.

63. Defendant acted with malice or reckless indifference to the rights of the above-named Caucasian female, thereby entitling her to an award of punitive damages.

64. To remedy the violations of the rights of Plaintiff secured by Section 1981, Plaintiff requests that the Court award the relief prayed for below.

## AS AN FOR THE FOURTH CAUSE OF ACTION
## DISCRIMINATION IN VIOLATION OF
## CONN. GEN. STAT. § 46a60(A)(1)

65. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above withthe same force and effect as if more fully set forth herein.

66. Plaintiff was treated in a disparate manner in the terms and conditions of his employment, on the basis of race/color, sex/gender and prior complaints.

67. The employer Defendant's conduct is unlawful and in violation of CFEPA.

68. As a result of the employer Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer damages, including but not limited, to substantial lost wages, fringe benefits,health insurance, retirement and pension benefits, mental and emotional distress and the abilityto enjoy life's pleasures.

69. Plaintiff seeks damages as a result of Defendant's unlawful conduct.

## AS AND FOR THE FIFTH CAUSE OF ACTION
## RETALIATION IN VIOLATION
## OF CONN. GEN. STAT. §46a-60(a)(4) as to the employer Defendant only

70. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above withthe same force and effect as if more fully set forth herein.

71. Plaintiff engaged in protected activity under the CFEPA by complaining to Defendant about harassment and discrimination.

72. Defendant created a hostile work environment due to Plaintiff's employment because of her prior complaints.

73. The adverse employment actions to which Plaintiff was subjected were the direct consequence and in retaliation for Plaintiff's opposition to unlawful discrimination.

74. The Defendant's actions violate CFEPA.

75. As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages that include but are not limited to: lost or reduced wages, fringe benefits, health insurance benefits, and pension payments; emotional and psychological distress, stress, anxiety; physical injury; and the loss of the ability to enjoy life's pleasures and activities.

### AS AND FOR THE SIXTH CAUSE OF ACTION
### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

76. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

77. The contractual relationship between the plaintiff and defendant included an implied covenant of good faith and fair dealing.

78. Based on said Covenant, Plaintiff has a reasonable expectation that the Defendant employer would treat the Plaintiff fairly and perform its obligation with fairness and good faith.

79. Defendant's bad faith impeded the plaintiff's ability to either perform her duties of employment or avail herself of the full benefits of employment.

80. The Defendant engaged in bad faith, as a consequence of agents and employees having engaged in retaliation, discrimination, harassment and creating and maintaining a hostile workenvironment.

81. By virtue of the Defendant's actions, Plaintiff has been denied the reasonable opportunity to perform his obligation under her at-will contract for employment with the defendant.

82. The bad faith acts of the Defendant as alleged do not represent legitimate business decisions.

83. The terms of employment did not permit the Defendant's actions and omissions with respect to the Plaintiff's employment.

## DEMAND FOR A JURY TRIAL

84. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and inwillful violation of the aforementioned federal; and state laws;

B. Awarding Plaintiff compensatory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff costs and disbursements incurred in connection with this action,including reasonable attorneys' fees, expert witness fees, and other costs;

E. Pre-judgment and post-judgment interest, as provided by law; and

F. Granting Plaintiff further relief as this Court finds necessary and proper.

Dated: New York, New York
October 14, 2022

Respectfully submitted,

By: *Christopher J. Berlingieri*
CHRISTOPHER J. BERLINGIERI, ESQ.
(ct 30335)
BERLINGIERI LAW, PLLC
*Attorney for Plaintiff*
244 Fifth Avenue, Suite F276
New York, New York 10001
Tel.: (347) 766-5105
Fax: (914) 730-1044
Email: cjb@nyctlaw.com

# EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**New York District Office**
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website:  www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 07/21/2022

**To:** Tamia Maxie
157 Falls Terrace Unit 4c
Oakville, CT 06779
Tamiamaxie@gmail.com

Charge No: 16A-2021-00685

EEOC Representative and email:   Amon Kinsey
Supervisory Investigator
amon.kinsey@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC is closing this charge because: Charging Party is pursuing claims in another forum.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Judy Keenan
07/21/2022

Judy Keenan
District Director

**Cc:**
Osl Retail Services
67 Burnside Ave
East Hartford, CT 06108


Christopher Berlingieri
Berlingieri Law, PLLC
cjb@nyctlaw.com


Please retain this notice for your records.

# EXHIBIT B

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Tamia Maxie
**COMPLAINANT**

CHRO No.  2130376
vs.                                                                       EEOC No.  16A202100685

OSL Retail Services
**RESPONDENT**

### RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint.  The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides.  If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served.  Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

_Tanya A. Hughes_
_____

**DATE:**   June 21, 2022                      Tanya A. Hughes, Executive Director

Service:
Complainant: tamiamaxie@gmail.com
Complainant's attorney:  cjb@nyctlaw.com
Respondent:  OSL Retail Services
Respondent's attorney: dfernandez@oslrs.com

.